**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone (619) 595-3001/Facsimile: (619) 595-3000

**D.LAW, INC.**
Emil Davtyan (SBN 299363)
emil@d.law
400 N. Brand Blvd., 7th Floor
Glendale, CA 91203
Telephone: (818) 875-2008/Facsimile: (818) 722-3974

Attorneys for Plaintiffs Tsegai W. Tensae, and Norberto Rodriguez
on behalf of themselves and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSEGAI W. TENSAE and NORBERTO RODRIGUEZ, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-06943-SPG (JDEx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND REPRESENTATIVE ACTION PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**<br><br>1. FAILURE TO PAY WAGES<br><br>2. FAILURE TO REIMBURSE BUSINESS EXPENSES<br><br>3. FAILURE TO PAY REPORTING TIME PAY<br><br>4. FAILURE TO PAY SICK PAY<br><br>5. FAILURE TO PROVIDE MEAL PERIODS<br><br>6. FAILURE TO PROVIDE REST |

*COHELAN & KHOURY & SINGER*
*605 C Street, Suite 200*
*San Diego, CA 92101*

First Amended Complaint                                    Case No. 2:24-cv-06943-SPG (JDEx)

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

PERIODS

7. UNLAWFUL WAGE DEDUCTIONS

8. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

9. FAILURE TO PAY FINAL WAGES

10. PAGA CIVIL PENALTIES - FAILURE TO PAY WAGES

11. PAGA CIVIL PENALTIES – EXPENSE REIMBURSEMENT

12. PAGA CIVIL PENALTIES - REPORTING TIME PAY

13. PAGA CIVIL PENALTIES FOR FAILURE TO PAY SICK PAY

14. PAGA CIVIL PENALTIES - MEAL PERIODS

15. PAGA CIVIL PENALTIES - REST PERIODS

16. PAGA CIVIL PENALTIES - WAGE DEDUCTIONS

17. PAGA CIVIL PENALTIES - ACCURATE WAGE STATEMENTS

18. PAGA CIVIL PENALTIES - FAILURE TO PAY FINAL WAGES

19. PAGA CIVIL PENALTIES - FAILURE TO MAINTAIN ACCURATE RECORDS

**DEMAND FOR JURY TRIAL**

Plaintiffs TSEGAI W. TENSAE and NORBERTO RODRIGUEZ ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

### NATURE OF CLAIM

1. Plaintiffs bring this class action pursuant to Federal Rules of Civil Procedure, Rule 23, on behalf of themselves and all California non-exempt employees, including truck drivers, employed by OLD DOMINION FREIGHT LINE, INC. and Does 1 through 10 (collectively "Defendants") at any time since the four years preceding the filing of this Complaint ("Non-Driver and Driver Classes") for Defendants' unlawful employment practices.

2. Plaintiff Norberto Rodriguez bring this lawsuit as a PAGA Representative Action on behalf of the state of California, and aggrieved current and former employees. Pursuant to Cal. Labor Code sections 2698, *et seq.*, Plaintiff RODRIGUEZ seeks to recover civil penalties, and reasonable attorney's fees and costs. Plaintiff RODRIGUEZ, by operation of law, has standing and capacity to sue as a representative of the State of California. Plaintiff RODRIGUEZ mailed written notice of the provisions of the code that Defendants violated, including the facts and theories to support the alleged violations, to the California Labor and Workforce Development Agency ("LWDA") and to OLD DOMINION FREIGHT LINE, INC. on November 4, 2024. Defendants did not provide notice of cure and the LWDA did not provide notice of investigation within 65 days of the November 4, 2024 mailing of the PAGA notice.

3. Pursuant to Cal. Labor Code sections 2698, *et seq.*, Plaintiff RODRIGUEZ seeks to represent all current and former aggrieved employees of Defendants who suffered one or more of the alleged violations ("aggrieved employees") as described herein during the applicable limitations period for the time period covered by the PAGA. The applicable limitations period is referred to as "the PAGA Period."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 1 -

4.      Plaintiffs, on behalf of themselves and members of the Classes, bring this action pursuant to California Code of Civil Procedure section 1021.5; California Labor Code sections 201, 202, 203, 218, 218.5, 218.6, 221, 222, 223, 224, 226, 226.7, 246, 512, 558, 1194, 1194.2, 1198, 2802, and 2804; and Industrial Welfare Commission ("IWC") Wage Orders 4-2001 and 9-2001; seeking unpaid wages, liquidated damages, equitable relief, prejudgment interest, reasonable attorneys' fees and costs, and any other relief this Court deems proper.

## **PARTIES**

5.      Plaintiff TSEGAI W. TENSAE is a resident of California. Plaintiff TENSAE worked as an hourly, non-exempt truck driver for Defendants from approximately October 9, 2013 through approximately February 16, 2023, making deliveries throughout the County of San Francisco.

6.      Plaintiff NORBERTO RODRIGUEZ is a resident of California. Plaintiff RODRIGUEZ worked as an hourly, non-exempt dockworker and hostler, or switcher, from 2018 to January 2024, in the Rialto and Irwindale yards.

7.      Plaintiffs are informed, believe, and thereon allege that Defendant OLD DOMINION FREIGHT LINE, INC. is a corporation registered in Virginia and doing business throughout the State of California. With more than 250 service centers," OLD DOMINION FREIGHT LINE, INC. offers, "a range of freight solutions to meet any business need across the United States …." (https://www.odfl.com/us/en/home.html, last accessed May 1, 2025.)

8.      Does 1 through 10, inclusive, are persons or entities whose true names and identities are unknown to Plaintiffs, and are sued by fictitious names. Plaintiffs will amend to allege their true names and capacities when known. Plaintiffs are informed and believe each Doe is the agent, representative, or parent or subsidiary of OLD DOMINION FREIGHT LINE, INC., is responsible in some manner for occurrences and injuries alleged, and harm suffered, by Plaintiffs and Class Members, proximately caused by them and OLD DOMINION.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

First Amended Complaint                                    Case No. 2:24-cv-06943-SPG (JDEx)

9.      Plaintiffs are informed, believe, and allege each Defendant, including each Doe defendant, acted in concert with each and every other Defendant, intended to and did participate in the practices alleged, and was a proximate cause of damage and injury to Plaintiffs and members of the Classes.

10.     At all relevant times each Defendant was the agent of each other Defendant and acted within the course and scope of such agency.

## JURISDICTION AND VENUE

11.     Defendants removed this action to this Court on July 1, 2024 pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(a) and 1332(d)(2), and 28 U.S.C. § 1446 from the San Diego County Superior Court. Venue is proper in United States District Court, Central District of California to the extent this Court has jurisdiction under CAFA or diversity.

## GENERAL ALLEGATIONS

12.     At all relevant times, Plaintiffs and Class Members were employed by Defendants in California, and Defendants conducted business in California.

13.     Defendants required Plaintiffs and Class Members to work or remain subject to Defendants' control while not clocked in. For example, each shift worked, Plaintiff TENSAE was required to perform activities while not clocked in, including pre-trip truck inspections, obtaining paperwork, and waiting for instructions from dispatch before clocking in, and post-trip inspections after clocking out. TENSAE performed these required activities while not clocked in, estimates they took more than 20 minutes, and were unpaid, including during the pay period beginning February 3, 2023.

14.     Defendants failed to provide Plaintiffs and members of the Classes all required wages for time spent on work communications on personal cell phones while not on the clock, in all, or virtually all, pay periods.

15.     Defendants failed to provide Plaintiff RODRIGUEZ and members of the Non-Driver Class required wages for time spent being available to perform,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 3 -

and performing, work-related duties off-the-clock during meal periods in all, or virtually all, pay periods, by requiring Plaintiff RODRIGUEZ and members of the Non-Driver Class to interrupt those periods to respond to work questions or requests, and to carry and answer cell phones.

16.    Defendants failed to pay Plaintiff RODRIGUEZ and other Non-Driver Class Members for all hours worked, including, for example, by requiring them to be "on-call" or on "standby" and be available to report to work within two hours or less of being contacted.

17.    Defendants failed to pay Plaintiff RODRIGUEZ and Non-Driver Class Members for all hours worked, including, for example, for Non-Driver Class Members to become Switchers or Hostlers, Defendants required them to come to the yard several hours before scheduled shift times to receive training about the position and practice driving trucks. This time was unpaid and occurred in each pay period such training was provided.

18.    Defendants failed to reimburse Plaintiffs and members of the Classes for reasonable and necessary business-related expenses. For example, Defendants required Plaintiffs and members of the Classes to use personal cell phones for work-related purposes, including but did not reimburse work-related cell phone expenses in any pay period.

19.    Plaintiffs and Class Members were required to purchase safety gear necessary to perform their jobs, included safety vests, gloves and hard hats, but did not reimburse them for, or provide vouchers for the cost of, these items. Because expenses remained unreimbursed, violations occurred in each pay period.

20.    Defendants required Plaintiffs and Class Members to wear and maintain uniforms, but did not reimburse them for all costs related to maintaining uniforms. Defendants also deducted the expense of purchasing uniforms from employee wages, for example, from the check issued to TENSAE on December 26, 2019.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 4 -

21.    Defendants failed to pay Plaintiffs and Class Members sick pay at the correct rate. Plaintiffs and Class Members received compensation such as "Bonus-Other" and "Bonus-Drivers Safety," but those additional amounts were not included when calculating sick pay wages. Plaintiffs and members of the Classes were paid sick pay at the base hourly pay rate instead of the regular rate of pay.

22.    Plaintiffs and members of the Classes were required to carry personal cell phones during rest and meal breaks and respond when contacted, which happened in some weeks, several times per week.

23.    Defendants maintained an unlawful rest period waiver policy for Plaintiff RODRIGUEZ and members of the Non-Driver Class which employees were required to sign which considers rest periods "waived" if not taken "during the work schedule." In addition, Defendants' rest period policy did not authorize or permit third rest breaks in shifts over 10 hours, including, for example, shifts worked by Plaintiff RODRIGUEZ during the pay period ending January 11, 2024.  Rest breaks were frequently late or interrupted.

24.    Plaintiff RODRIGUEZ and members of the Non-Driver Class were not provided an opportunity to take a second uninterrupted, off-duty, thirty-minute meal period on shifts lasting more than ten hours before the end of the tenth hour of work.

25.    Plaintiff RODRIGUEZ and members of the Non-Driver Class were not authorized or permitted to take all off-duty rest periods of at least 10 minutes to which they were entitled.

26.    Defendants did not pay Plaintiff RODRIGUEZ and members of the Non-Driver Class one hour of wages at a regular rate of pay for each shift in which a compliant rest or meal period was not provided. Labor Code § 226.7; IWC Wage Orders 4-2001 and 9-2001, §§ 11 and 12.

27.    Defendants failed to provide accurate itemized wage statements to Plaintiffs and members of the Classes since they did not include, among other

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

things, the total number of hours worked, and the number of hours worked at each corresponding rate of pay. Because Defendants failed to compensate Plaintiffs and members of the Classes for all hours worked, some itemized wage statements provided by Defendants to Plaintiffs and members of the Classes were inaccurate. As a result, some wage statements Defendants furnished to Plaintiffs and members of the Classes were incomplete and inaccurate and fail to comply with the requirements of Labor Code section 226(a).

28.     Defendants failed to pay Plaintiffs and members of the Classes all wages due upon separation. Because Defendants failed to pay all wages during employment, final wages paid to Plaintiffs and members of the Classes were underpaid, as they did not include these amounts.

29.     Defendants' conduct described above, including failure to pay wages for time worked off the clock; pay reporting time pay; provide compliant meal and rest periods; pay the correct regular rate for sick pay and rest/meal premiums; reimburse necessary business expenses; provide accurate, itemized wage statements; and timely provide final wages to Plaintiffs and Class Members are the result of Defendant's centrally devised and uniformly implemented policies and practices.

## CLASS ACTION ALLEGATIONS

30.     Plaintiffs seek to represent and certify a Class of:

**Driver Class**
All Defendants' California-based truck drivers, at any time during the four years before the filing of this Complaint through the date of trial.

31.     Plaintiffs seek to represent and certify a Class of:

**Non-Driver Class**
All Defendants' California-based non-exempt employees, excluding members of the Driver Class, any time during the four years before the filing of this Complaint through the date of trial.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 6 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

32.     Plaintiffs seek to certify a subclass of employees defined as:

**Unpaid Wages Subclass**
All members of the Classes who performed work while not clocked in for their scheduled shift.

33.     Plaintiffs seek to certify a subclass of employees defined as:

**Expense Reimbursement Subclass**
All members of the Classes who incurred business-related expenses, including but not limited to cell phone, equipment, and uniform expenses.

34.     Plaintiff seeks to certify a subclass of employees defined as:

**Reporting Time Pay Subclass One**
All members of the Classes who worked less than half their scheduled day's shift.

35.     Plaintiffs seek to certify a subclass of employees defined as:

**Reporting Time Pay Subclass Two**
All members of the Classes who called in on any date in order to determine whether they were scheduled to work but were not put to work and were not furnished at least half of the usual day's work or at least two hours, at their regular rate of pay.

36.     Plaintiffs seek to certify a subclass of employees defined as:

**Sick Pay Subclass**
All members of the Classes who were paid sick pay in a period in which they earned any other compensation that should have been included in calculation of their sick pay wages.

37.     Plaintiffs seek to certify a subclass of employees defined as:

**First Meal Period Subclass**
All members of the Non-Driver Class who, within the applicable limitations period, worked a shift of five hours or more.

38.     Plaintiffs seek to certify a subclass of employees defined as:

**Second Meal Period Subclass**
All members of the Non-Driver Class who, within the applicable limitations period, worked a shift of ten hours or more.

- 7 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

39.    Plaintiffs seek to certify a subclass of employees defined as:

**Rest Period Subclass**
All members of the Non-Driver Class who, within the applicable limitations period, worked a shift of 3.5 hours or more.

40.    Plaintiffs seek to certify a subclass of employees defined as:

**Wage Deduction Subclass**
All members of the Classes who had wages deducted from their pay for uniform purchases.

41.    Plaintiffs seek to certify a subclass of employees defined as:

**Wage Statement Subclass**
All members of the Classes who received one or more itemized wage statements during the one year preceding the filing of this Complaint.

42.    Plaintiffs seek to certify a subclass of employees defined as:

**Waiting Time Subclass**
All members of the Classes whose employment ended any time during the three years preceding the filing of this Complaint.

43.    Plaintiffs reserve the right to amend or modify the Classes or Subclass descriptions, including by division into further subclasses or limitation to particular issues. Federal Rules of Civil Procedure, Rules 23(c)(4) and (5).

44.    **Commonality**: This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

45.    **Ascertainable Class**: The proposed Classes and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

46.    **Numerosity**: Potential members of the Classes and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical. Disposition of their claims through a class action will benefit the

parties and Court. The number Class and Subclasses members is unknown to Plaintiffs, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

47.   **Typicality**: The claims of Plaintiffs are typical of the claims of all members of the Classes and Subclasses because all members of the Classes and Subclasses sustained similar injuries and damages caused by Defendants' common course of conduct in violation of law.

48.   **Adequacy**: Plaintiffs are adequate representatives of the Classes and Subclasses, will fairly protect the interests of the Classes and Subclass Members and have no interests antagonistic to them, and will vigorously pursue this suit. Plaintiffs' attorneys are competent, skilled, and experienced in litigating large employment law class actions.

49.   **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Classes predominate over questions affecting only individual Class Members. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiffs are unaware of any difficulties likely to be encountered in the management of this action that precludes its maintenance as a class action.

50.   The predominating common questions of law and fact include:

　　　a. Whether Defendants have a policy and practice of failing to pay wages for work performed, or time under Defendants' control, outside of time clocked in;

　　　b.  Whether Defendants have a policy or practice of failing to reimburse for necessary business-related expenses, including cell phone, equipment such as gloves, vests and hard hats, and uniform maintenance expenses;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 9 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

c. Whether Defendants have a policy or practice of failing to pay reporting time pay;

d. Whether Defendants have a policy or practice of failing to pay sick pay at the regular rate instead of the base hourly rate;

e. Whether, as to the Non-Driver Class, Defendants violated Labor Code sections 512 and 226.7, and Section 11 of IWC Wage Orders 4-2001 and 9-2001, by failing to provide compliant first and second meal periods, or pay one hour of pay in lieu thereof for each missed, untimely, or interrupted meal period;

f. Whether, as to the Non-Driver Class, Defendants violated Labor Code section 226.7 and section 12 of IWC Wage Orders 4-2001 and 9-2001, by failing to provide compliant rest periods, or pay one hour of pay in lieu thereof for each non-compliant or missed rest period;

g. Whether Defendants have a policy or practice of deducting wages for uniform purchases and work performed during meal periods;

h. Whether Defendants have a policy or practice of failing to provide accurate itemized wage statements; and

i. Whether Waiting Time Subclass Members are entitled to waiting time penalties under Section 203; and,

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Wages**
**(By Plaintiffs and each Member of the Unpaid Wages Subclass)**

51.    Plaintiffs incorporate the preceding paragraphs of this Complaint.

52.    Labor Code section 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the

- 10 -

employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

53.    Labor Code section 510, subdivision (a) provides, in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one–half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

54.    By failing to pay wages to Plaintiffs and the Unpaid Wages Subclass, or some of them, for time they spent under Defendants' control but not clocked in, including pre-shift time, post-shift time, and during meal periods, Defendants violated, among other laws, Labor Code section 1194.

55.    Plaintiffs and the Unpaid Wages Subclass are entitled to recover these wages, with liquidated damages, and interest, attorneys' fees, and costs. See Lab. Code §§ 1194.2, 1194, 218.6.

## SECOND CAUSE OF ACTION
### Failure to Reimburse Business Expenses
### (By Plaintiffs and each Member of the Expense Reimbursement Subclass)

56.    Plaintiffs incorporate the preceding paragraphs of this Complaint.

57.    Labor Code section 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 11 -

58.    Labor Code section 2802(b) provides: "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

59.    Labor Code section 2802(c) provides: "For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

60.    By failing to reimburse Plaintiffs and the Expense Reimburse Subclass, or some of them, for necessary business-related expenses they incurred, including for personal cell phone, equipment, equipment such as gloves, vests and hard hats, and uniform maintenance expenses, Defendants violated Labor Code sections 2802 and 1198 and the "Uniforms and Equipment" section of IWC Wage Orders 4-2001 and 9-2001. This right to reimbursement could not have been waived. See Lab. Code § 2804.

61.    Plaintiffs and the Expense Reimbursement Subclass are entitled to recover these expense reimbursements, with interest, attorneys' fees and costs. See Lab. Code §§ 2802(b)-(c).

### THIRD CAUSE OF ACTION
**Failure to Pay Reporting Time**
**(By Plaintiffs and each Member of the Reporting Time Pay Subclass One or Reporting Time Pay Subclass Two)**

62.    Plaintiffs incorporate the preceding paragraphs of this Complaint.

63.    Section 5 of IWC Wage Orders 4-2001 and 9-2001 provides that, "(A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4)

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

64.     At times, Plaintiffs and members of the Classes were required to physically report to work but were not put to work and would be sent home early. Additionally, at times, Plaintiffs and members of the Classes were instructed to call into work the night before or the same day to determine whether they are scheduled to work the following or that day. This practice requires drivers to "report" to work by having to call in to determine whether they are scheduled to work. Accordingly, for those times that Plaintiffs and members of the Classes were required to report to work but were not put to work or were furnished with less than half of their usual scheduled day's work, Plaintiffs and members of the Classes are entitled to recover compensation for half a day's work, plus interest thereon, together with their reasonable attorneys' fees and costs.

65.     Plaintiffs and members of the Reporting Time Subclass are entitled to seek and recover reasonable attorneys' fees and costs for the successful prosecution of this claim.

## FOURTH CAUSE OF ACTION
### Failure to Provide Sick Pay
### (By Plaintiffs and each Member of the Sick Pay Subclass)

66.     Plaintiffs incorporate the preceding paragraphs of this Complaint.

67.     Sick pay must be compensated at the employee's regular rate of pay, for the workweek in which the paid leave was taken, or at a rate determined by averaging over 90 days. Labor Code § 246(l).

68.     By failing to pay Plaintiffs and Class Members for sick pay at the correct rate, Defendants willfully violated Labor Code section 246.

69.     Defendants' unlawful acts deprived Plaintiffs, the Classes, and the Sick Pay Subclass Plaintiffs seek to represent of sick pay in amounts to be determined at trial, and they are entitled to recover these amounts, with interest, attorneys' fees, and costs.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 13 -

**FIFTH CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**(By Plaintiff RODRIGUEZ and each Member of the First and Second Meal Period Subclasses)**

70.    Plaintiffs incorporate the preceding paragraphs of this Complaint.

71.    At all relevant times during the Class Period, Plaintiff RODRIGUEZ and all other members of the Non-Driver Class were Defendants' employees covered by Labor Code sections 226.7 and 512, and IWC Wage Order 4-2001.

72.    Labor Code section 512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73.    Labor Code section 226.7 provides:

(b) An employer shall not require any employee to work during any meal or rest… [mandated by an IWC Order]

(c) If an employee fails to provide an employee a meal period or rest period… in accordance with… an applicable… order of the Industrial Welfare Commission, … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period… is not provided.

74.    "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes…" Section 11(A), IWC Wage Order 4-2001.

75.    Section 11(B) of IWC Wage Order 4-2001 provides, in pertinent part: "An employer may not an employee for a work period of more than ten (10)

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

hours per day without providing the employee with a second meal period of not less than 30 minutes…"

76.    Defendants failed to provide Plaintiff RODRIGUEZ and Members of the First and Second Meal Period Subclasses with compliant meal periods as provided in Labor Code sections 226.7 and 512, and failed to pay them the additional pay at the employee's regular rate of compensation for each work day such a meal period was not provided in lieu thereof.

77.    As a result of Defendants' failure to comply with their obligations under Labor Code sections 226.7 and 512, and IWC Wage Order 4-2001, Plaintiff RODRIGUEZ and the Members of the First and Second Meal Period Subclasses have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide meal periods as required by law.

78.    Plaintiff RODRIGUEZ and the First and Second Meal Period Subclasses he seeks to represent are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory meal periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff RODRIGUEZ and other Members of the First and Second Meal Period Subclasses are entitled to recover prejudgment interest on the amount of the additional pay owed.

### SIXTH CAUSE OF ACTION
### Failure to Provide Rest Periods
### (By Plaintiff RODRIGUEZ and each Member of the Rest Period Subclasses)

79.    Plaintiffs incorporate the preceding paragraphs of this Complaint.

80.    At all relevant times during the Class Period, Plaintiff RODRIGUEZ and all other members of the Classes were employees of Defendants covered by Labor Code section 226.7 and IWC Wage Order 4-2001.

81.    Section 12(A) of IWC Wage Order 4-2001 provides, in pertinent part:

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 15 -

"Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

82.    Section 12(B) of IWC Wage Order 4-2001 provides, in pertinent part: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

83.    Defendants failed to provide Plaintiff RODRIGUEZ and members of the Rest Period Subclass with compliant rest periods as provided in Labor Code section 226.7 and failed to pay them the additional pay at the employee's regular rate of compensation for each workday in lieu of providing timely, off-duty rest period(s).

84.    As a result of Defendants' failure to comply with their obligations under Labor Code section 226.7 and IWC Wage Order 4-2001, Plaintiff RODRIGUEZ and the Members of the Rest Period Subclass have suffered damages, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide rest periods as required by law.

85.    Plaintiff RODRIGUEZ and the Rest Period Subclass he seeks to represent are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory rest periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff RODRIGUEZ and other members of the Rest Period Subclass are entitled to recover prejudgment interest on the amount of the additional pay owed.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 16 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## SEVENTH CAUSE OF ACTION
### Unlawful Wage Deductions
### (By Plaintiffs and each Member of the Wage Deduction Subclass)

86.     Plaintiffs incorporate the preceding paragraphs of this Complaint.

87.     California Labor Code sections 221 and 224 provide that an employer may only lawfully withhold amounts from an employee's wages when (1) required or empowered to do so by state or federal law; (2) when a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions, or other deductions not amounting to a rebate on the employee's wages; or (3) when a deduction to cover health, welfare or pension contributions is expressly authorized by a wage or collective bargaining agreement.

88.     Defendants' conduct as alleged herein has violated Cal. Labor Code sections 221-224 insofar as Defendants deducted wages for the costs of uniform purchases.

89.     Pursuant to Cal. Labor Code sections 218, 218.5, and 218.6, Plaintiffs and members of the Wage Deduction Subclass are entitled to payment of unpaid wages, including interest, as well as reasonable attorney's fees, and costs of suit.

## EIGHTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### (By Plaintiffs and each Member of the Wage Statement Subclass)

90.     Plaintiffs incorporate the preceding paragraphs of this Complaint.

91.     "An employer, semimonthly or at the time of each payment of wages, shall furnish to their employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing" various pieces of employment information. Labor Code § 226(a).

92.     By knowingly and intentionally failing to provide Plaintiffs and the Wage Statement Subclass, or some of them, with wage statements, Defendants violated Labor Code section 226, subdivision (a).

///

- 17 -

93.    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

94.    Plaintiffs and the members of the Wage Statement Subclass are entitled to recover the greater of actual damages or penalties not to exceed $4,000 for each employee, along with interest, attorneys' fees and costs.

### NINTH CAUSE OF ACTION
### Failure to Timely Pay Wages Due at Separation
### (By Plaintiffs and each Member of the Waiting Time Subclass)

95.    Plaintiffs incorporate the preceding paragraphs of this Complaint.

96.    An employer who discharges an employee must pay all compensation due to that employee immediately upon discharge. Labor Code § 201. An employer must pay all compensation due to an employee who quits within 72 hours. Labor Code § 202.

97.    If an employer willfully fails to timely pay wages the employer must, as a penalty, continue to pay the subject employee's wages until paid or until an action is commenced. Labor Code § 203. Defendants failed to pay Plaintiffs any final wages. Further, because Defendants failed to compensate Plaintiffs and members of the Classes, or some of them, for all hours subject to Defendants' control, Defendants failed to timely pay earned wages to former employees.

98.    Defendants' willful failure to pay wages to Plaintiffs and the Waiting Time Subclass Members, or some of them, violated Labor Code section 203 because Defendants knew these wages were due, but failed to pay them.

### TENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Pay Wages
### (On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)

99.    Plaintiffs incorporate the preceding paragraphs of this Complaint.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 18 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

100.  Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

101.  Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

102.  During the PAGA Period, as alleged herein, Defendants failed to pay Plaintiff RODRIGUEZ and other aggrieved employees all minimum, regular, and overtime wages for all hours worked, including time spent being available to and perform work-related duties off-the-clock during meal periods, in violation of Labor Code sections 204, 510, 1194, 1197, and 1198.

103.  As a result, Defendants violated the Labor Code and are liable to Plaintiff RODRIGUEZ, and other aggrieved employees, for penalties as required by Labor Code sections 558(a)(1)-(2), 1197.1, and 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs all recoverable in an amount according to proof.

104.  Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### ELEVENTH CAUSE OF ACTION
**PAGA Civil Penalties for Failure to Reimburse Business Expenses**
**(On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)**

105.   Plaintiffs incorporate the preceding paragraphs of this Complaint.

106.   Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for labor code violations, to be recovered through a civil action by an aggrieved employee on behalf of himself or herself and current or former employees pursuant to the procedures specified in Section 2699.3.

107.   During the PAGA Period, as set forth herein, Defendants failed to reimburse business expenses in violation of Labor Code section 227.3.

108.   As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff RODRIGUEZ, and other aggrieved employees, for civil penalties as required by Labor Code section 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs, all recoverable in an amount according to proof.

109.   Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA.

### TWELTH CAUSE OF ACTION
**PAGA Civil Penalties for Failure to Pay Reporting Time Pay**
**(On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)**

110.   Plaintiffs incorporate the preceding paragraphs of this Complaint.

111.   On information and belief, during the PAGA Period, Plaintiff RODRIGUEZ and other aggrieved employees were required to report to work but were not put to work, or were furnished with less than half of their usual day's work and would be sent home early. For those times that Plaintiff RODRIGUEZ and other aggrieved employees were required to report to work but were not put to work or were furnished with less than half of their usual scheduled day's work,

and were not paid Reporting Time Pay, such conduct violates Section 5 of IWC Wage Orders 4-2001 and 9-2001. Consequently, Plaintiff RODRIGUEZ, on behalf of himself and other aggrieved employees, intends to seek civil penalties pursuant to the PAGA for these alleged violations.

112.   Labor Code section 2699(f)(2) provides for civil penalties for violations of the Labor Code for which there is no corresponding civil penalty. The civil penalty is $100 for the initial violation and $200 for each subsequent violation for each underpaid employee. Labor Code § 2699(f)(2).

113.   Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties under Labor Code section 2699(f)(2) for each and every violation of Labor Code shown to exist or to have occurred, in an amount according to proof, as to those penalties that are otherwise only available in public agency enforcement actions.

### THIRTEENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Pay Sick Pay
### (On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)

114.   Plaintiffs incorporate the preceding paragraphs of this Complaint.

115.   Labor Code section 246(l) provides that employers must calculate paid sick leave for non-exempt employees in one of two ways:

> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek; [or]

> (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

116.   By failing to include bonus compensation, Defendants violated Cal. Labor Code section 246 because they did not provide the appropriate sick leave at

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the rates, which resulted in failure to pay all sick pay wages due during the PAGA Period. On behalf of aggrieved employees, Plaintiff RODRIGUEZ will seek $100 for the initial pay period an employee was underpaid, and $200 for each subsequent violation.

117.  Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA.

## FOURTEENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Provide Meal Periods
### (On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)

118.  Plaintiffs incorporate the preceding paragraphs of this Complaint.

119.  Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

120.  Defendants failed to provide all lawful meal periods as required by law. Plaintiff RODRIGUEZ and other aggrieved employees were not paid all meal period premiums for non-compliance with Labor Code section 226.7.

121.  During the PAGA Period, as set forth herein, Defendants violated Labor Code sections 226.7, 512, and 1198, as well as the "Meal Periods" section of IWC Wage Order 4-2001. As a result, Plaintiff RODRIGUEZ is entitled to recover, civil penalties and pursuant to Labor Code sections 558(a)(1)-(2) and 2699(a) and (f)(2) attorney's fees, expenses, and costs of suit.

122.  Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 22 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### FIFTEENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Provide Rest Periods
### (On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)

123.  Plaintiffs incorporate the preceding paragraphs of this Complaint.

124.  Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

125.  Defendants failed to authorize and permit all rest periods as required by law. Plaintiff RODRIGUEZ and other aggrieved employees were not paid all rest period premiums for non-compliance with Labor Code section 226.7.

126.  During the PAGA Period, as set forth herein, Defendants violated Labor Code sections 226.7 and 1198 as well as the "Rest Periods" section of IWC Wage Order 4-2001 and are liable to Plaintiff RODRIGUEZ and other aggrieved employees for penalties as required by Cal. Labor Code sections 2699(a) and (f)(2), attorney's fees and costs.

127.  Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA.

### SIXTEENTH CAUSE OF ACTION
### PAGA Civil Penalties for Unlawful Wage Deductions
### (On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)

128.  Plaintiffs incorporate the preceding paragraphs of this Complaint.

129.  Labor Code section 221 provides, in pertinent part, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

///

- 23 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

130.   California Labor Code section 223 states that "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

131.   California Labor Code section 224 states: "The provisions of Sections 221, 222 and 223 shall in no way make it unlawful for an employer to withhold or divert any portion of an employee's wages when the employer is required or empowered so to do by state or federal law or when a deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, or when a deduction to cover health and welfare or pension plan contributions is expressly authorized by a collective bargaining or wage agreement."

132.   Upon information and belief, during the PAGA Period, Defendants made unlawful deductions from Plaintiff RODRIGUEZ and other aggrieved employees' wages by deducting from those wages amounts, for example for uniform purchases and time spent working during meal periods. Consequently, Plaintiff RODRIGUEZ, on behalf of himself and other aggrieved employees, intends to seek civil penalties pursuant to the PAGA for these alleged violations.

133.   Labor Code section 2699(f)(2) provides for civil penalties for violations of the Labor Code for which there is no corresponding civil penalty, including Labor Code section 221. The civil penalty is $100 for the initial violation and $200 for each subsequent violation for each underpaid employee. Labor Code § 2699(f)(2). In addition, Labor Code section 225.5 provides an independent and separate penalty for "violation of Section 212, 216, 221, 222, or 223" of the Labor Code of $100 for any initial violation for each failure to an employee, and $200 for any subsequent violation for each failure to pay an

- 24 -

1    employee.

2    134.   Plaintiff RODRIGUEZ, as a representative of the general public, will

3    and does seek to recover any and all penalties under Labor Code section

4    2699(f)(2) for each and every violation of Labor Code section 221 shown to exist

5    or to have occurred, in an amount according to proof, as to those penalties that are

6    otherwise only available in public agency enforcement actions.

7    

**SEVENTEENTH CAUSE OF ACTION**
**PAGA Civil Penalties for Failure to Provide Accurate Wage Statements**
**(On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)**

10    135.   Plaintiffs incorporate the preceding paragraphs of this Complaint.

11    136.   Section 226(a) of the California Labor Code requires Defendants to

12    itemize in wage statements total hours worked by Plaintiff RODRIGUEZ and

13    other aggrieved employees, along with gross and net wages earned, and all

14    applicable hourly rates and the total number of hours worked at each

15    corresponding rate.

16    137.   Labor Code section 226.3 provides for civil penalties for violations

17    of the Labor Code section 226. The civil penalty is $250 for the initial violation

18    and $1,000 for each subsequent violation.

19    138.   Labor Code sections 2699(a) and 2699(f) provide for assessment and

20    collection of civil penalties for violations of the labor code, to be recovered

21    through a civil action brought by an aggrieved employee on behalf of himself or

22    herself and other current or former employees pursuant to the procedures

23    specified in Section 2699.3.

24    139.   During the PAGA Period, as set forth herein, Defendants failed to

25    provide accurate itemized wage statements in violation of Labor Code section

26    226(a).

27    140.   As a result, Defendants willfully violated the Labor Code and are

28    liable to Plaintiff RODRIGUEZ, and other aggrieved employees, for civil

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 25 -

penalties as required by Labor Code sections 226.3 and 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs, all recoverable in an amount according to proof.

141.   Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA.

## EIGHTEENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Timely Pay Wages Due During Employment and Upon Separation from Employment
### (On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)

142.   Plaintiffs incorporate the preceding paragraphs of this Complaint.

143.   Labor Code section 204(a) states, in pertinent part: "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Section 204(d) states: "The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

144.   Labor Code sections 201-202 require the payment of final wages to terminated employees immediately and voluntarily separating employees within 72 hours. Labor Code section 203 provides for waiting time penalties.

145.   Labor Code section 210(a) provides: "(a) In addition to, ***and entirely independent and apart from***, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

each employee, plus 25 percent of the amount unlawfully withheld."

146.   California Labor Code section 256 states that a civil penalty shall be imposed "in an amount not exceeding 30 days' pay as waiting time under the terms of Section 203."

147.   Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

148.   During the PAGA Period, Defendants failed to pay all wages and penalties owed to Plaintiff RODRIGUEZ, and other aggrieved employees, within the time required by Cal. Labor Code sections 201-204. Defendants further failed to pay all waiting time penalties as required by Labor Code section 203.

149.   As a result, Defendants violated the Labor Code sections 201-204 and are liable to Plaintiff RODRIGUEZ, and other aggrieved employees, for penalties and restitution as required by Labor Code sections 210, 256, and 2699(a), or, in the alternative, section 2699(f)(2), and recoverable in an amount according to proof.

150.   Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA.

### NINETEENTH CAUSE OF ACTION
**PAGA Civil Penalties for Failure to Maintain Accurate Records**
**(On Behalf of Plaintiff RODRIGUEZ and Each Aggrieved Employee Against Each Defendant)**

151.   Plaintiffs incorporate the preceding paragraphs of this Complaint.

152.   Labor Code section 1174 requires Defendants to maintain and preserve, in a centralized location, among other items, records "showing the names and addresses of all employees employed" and "payroll records showing

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 27 -

the hours worked daily by, and wages paid to," their employees.

153. Section 7 of IWC Wage Order 4-2001 requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period and meal period, split shift intervals, and total daily hours worked in itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiff RODRIGUEZ and other aggrieved employees.

154. Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

155. Labor Code Section 1174.5 provides: "Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

156. Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

157. During the PAGA Period, Defendants failed to maintain accurate records in violation of Labor Code sections 1174 and 1198 and section 7 of Wage Order 4-2001.

158. As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff RODRIGUEZ, and other aggrieved employees, for civil

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 28 -

penalties as required by Labor Code sections 1174.5 and 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs, all recoverable in an amount according to proof.

159.   Plaintiff RODRIGUEZ, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA.

## **PRAYER FOR RELIEF**

Plaintiffs pray for the following relief on behalf of themselves and members of the Classes against Defendants:

1.     Class action certification. Federal Rules of Civil Procedure, Rule 23;

2.     Appointment of Plaintiffs and Plaintiffs' counsel to represent the Classes;

3.     Provision of Class notice;

4.     Declaratory judgment that Defendants knowingly and intentionally violated:

    a. Labor Code sections 510 and 1194 by failing to all wages;

    b. Labor Code section 218 and Section 5 of IWC Wage Orders 4-2001 and 9-2001 by failing to pay reporting time pay;

    b. Labor Code section 2802 by failing to reimburse business-related expenses;

    c. Labor Code section 246 by failing to pay sick pay at the correct rate;

    d. Labor Code sections 226.7 and 512 by failing to provide compliant meal periods;

    e. Labor Code section 226.7 by failing to provide compliant rest periods;

    f. Labor Code section 226 by failing to provide accurate itemized wage statements;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 29 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

g.  Labor Code section 203 by failing to pay waiting time penalties;

h.  Business and Professions Code sections 17200, *et seq.* by engaging in unlawful or unfair business practices.

5.    An order requiring Defendants restore all amounts owed to Plaintiffs and members of the Classes, according to proof, pursuant to Business and Professions Code section 17203;

6.    For an award of unpaid wages, including minimum and regular wages to the extent permissible by law to each affected person;

7.    For an award of liquidated damages to the extent permissible by Labor Code section 1194.2;

8.    For penalties incurred under Labor Code section 1197.1 for each underpaid employee per pay period for which the employee was underpaid;

9.    For penalties permitted pursuant to the Labor Code, and Orders of the Industrial Welfare Commission including, but not limited to penalties under Labor Code section 226(e);

10.    For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code sections 218.6 and 1194;

11.    For reimbursement of all necessary expenses incurred in direct consequence of the discharge of duties;

12.    For unpaid Premium Wages for non-compliant meal periods at one hour of regular rate of pay to "First and "Second Meal Period" Subclass Members. Labor Code sections 226.7 and 512, and Section 11 of Wage Order 4;

13.    For unpaid Premium Wages for non-compliant rest periods at one hour of regular rate of pay to each "Rest Period" Subclass Member pursuant to Labor Code section 226.7 and Section 12 of Wage Orders 4-2001 and 9-2001;

14.    For recovery of civil penalties permitted by Labor Code section 226.3, for violations of Labor Code 226, according to proof;

15.    For recovery of civil penalties permitted by Labor Code section 256,

for violations of Labor Code sections 201-203, according to proof;

16.    For maintenance of this action as a Representative Action under the PAGA, and providing Plaintiff RODRIGUEZ and his counsel with all enforcement capability as if this action has been instituted by the Department of Labor Standards enforcement ("DLSE");

17.    For recovery of civil penalties permitted by Labor Code sections 2699(a) and (f)(2), 1197.1, and 558(a)(1)-(2), in an amount according to proof, for failure to pay all minimum, regular, and overtime wages;

18.    For recovery of civil penalties pursuant to Labor Code section 2699(f)(2), where a statutory civil penalty is not provided, for failure to reimburse reasonable and necessary business expenses, pursuant to Labor Code section 2802, according to proof;

19.    For recovery of civil penalties permitted by Labor Code Section 2699, for unpaid reporting time pay pursuant to IWC Wage Order 4-2001, according to proof;

20.    For recovery of civil penalties permitted by Labor Code section 2699, for unpaid sick pay pursuant to Labor Code section 246, according to proof;

21.    For recovery of all civil penalties permitted by Labor Code section 2699, for unpaid meal period premiums earned pursuant to Labor Code section 226.7, according to proof;

22.    For recovery of all civil penalties permitted by Labor Code section 2699, for unpaid rest period premiums earned pursuant to Labor Code section 226.7, according to proof;

23.    For recovery of civil penalties permitted by Labor Code section 2699 for unlawful wage deductions pursuant to section 221, according to proof;

24.    For recovery of civil penalties permitted by Labor Code section 2699, for inaccurate itemized wage statements pursuant to section 226, according

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 31 -

to proof;

25.    For recovery of civil penalties permitted by Labor Code section 2699(f)(2) for failing to timely pay final wages due pursuant to sections 201-202;

26.    For recovery of civil penalties permitted by Labor Code section 2699(f)(2) for failing to pay statutory waiting time penalties due pursuant to Labor Code section 203;

27.    For civil penalties to be distributed 65% to the LWDA and 35% to aggrieved employees, subject to Court approval. Labor Code section 2699(m);

28.    Compensatory damages according to proof;

29.    Statutory damages as provided under the Labor Code;

30.    Liquidated damages as provided under the Labor Code;

31.    Pre-judgment interest on all sums collected;

32.    For reasonable attorneys' fees and cost including pursuant to Labor Code sections 218.5, 226, 226(h),1194, and 2698, and Code of Civil Procedure section 1021.5; and

33.    Such other relief as the Court may deem appropriate.

COHELAN KHOURY & SINGER

Dated: May 8, 2025          By: /s/ Jeff Geraci _____
                           Jeff Geraci
                           Counsel for Plaintiffs Tsegai W. Tensae and
                           Norberto Rodriguez

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial of all claims triable as of right by jury.

COHELAN KHOURY & SINGER

Dated: May 8, 2025          By: /s/ Jeff Geraci _____
                           Jeff Geraci
                           Counsel for Plaintiffs Tsegai W. Tensae and
                           Norberto Rodriguez

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## PROOF OF SERVICE

*Tensae v. Old Dominion Freight Line, Inc.*

U.S.D.C. Case No. 2:24-cv-06943 SPG (JDEx)

      I, Matthew Atlas, declare as follows:

      I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 605 "C" Street, Suite 200, San Diego, California 92101. On May 8, 2025, I instituted service of the forgoing document(s) described as:

**FIRST AMENDED CLASS ACTION COMPLAINT AND REPRESENTATIVE ACTION PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**

on the following interested parties:

| **Counsel for Defendant** | **Counsel for Defendant** |
|---|---|
| Matthew C. Kane, Esq. | Sylvia J. Kim, Esq. |
| Amy E. Beverlin, Esq. | BAKER & HOSTETLER LLP |
| Kerri H. Sakaue, Esq. | Transamerica Pyramid |
| BAKER & HOSTETLER LLP | 600 Montgomery Street, Suite 3100 |
| 1900 Avenue of the Stars, Suite 2700 | San Francisco, CA 94111-2806 |
| Los Angeles, CA 90067 | sjkim@bakerlaw.com |
| mkane@bakerlaw.com | |
| abeverlin@bakerlaw.com | |
| ksakaue@bakerlaw.com | |

in the following manner:

      By submitting an electronic version of the document(s) via portable document format (PDF) to the court at https://ecf.cacd.uscourts.gov. Service will be deemed effective as provided for by Local Rule 5-4.1 of the District Court of California, Central District.

      I declare that I am employed in the office of a member of the bar of this court at whose direction this service is made.

      Executed May 8, 2025, at San Diego, California.

_____
Mathew Atlas