UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 8:24-cv-00766-SPG-JDE<br>24-cv-06413-SPG-JDE   Rhyner v. Old Dominion<br>24-cv-06943-DDP-AJR   Tensae v. Old Dominion | Date | July 11, 2025 |
|---|---|---|---|
| Title | ANDREW WIESENBACH v. OLD DOMINION FREIGHT LINE, INC. ET AL. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:   (IN CHAMBERS) ORDER GRANTING MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM COUNSEL [ECF NO. 27]**

Before the Court is a Motion to Consolidate Cases and Appoint Interim Counsel (ECF No. 27 ("Motion")) filed by Plaintiff Andrew Wiesenbach ("Plaintiff"). Defendant Old Dominion Freight Line, Inc. ("Defendant") opposes, (ECF No. 29 ("Opp.")), and Plaintiff has replied, (ECF No. 30 ("Reply")). The Court has read and considered the parties' submissions and concluded that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

**Background**

The Court has previously discussed at length the underlying facts of this action. *See* (ECF No. 19). Relevant to this instant Motion, Defendant filed a notice of related cases, *see* (ECF No. 18), informing the Court that this instant action (the "*Wiesenbach* Action") involves "substantially the same facts and questions of law" as the following actions before this Court: (1) *Jason Rhyner v. Old Dominion Freight Line, Inc.*, No. 2:24−cv−06413−SPG−JDE (the "*Rhyner* Action"), and (2) *Tsegai W. Tensae v. Old Dominion Freight Linc, Inc.*, No. 2:24-cv-06943-DDP-AJR (the "*Tensae* Action"). The Plaintiffs in the *Wiesenbach*, *Rhyner*, and *Tensae* actions allege several wage and hour causes of action on behalf of putative class members consisting of truck drivers formerly employed by Defendant. *See* (Mot. at 7–10) (outlining the similar causes of action alleged in all three actions).

In September 2024, the parties in the *Rhyner* and *Tensae* actions stipulated to stay the deadline for Defendant's responsive pleadings pending consolidation of all three actions with an amended consolidated complaint. *See* (ECF Nos. 28, 29 in the *Tensae* Action); (ECF Nos. 17, 18 in the *Rhyner* Action). The parties, however, disagreed about whether Plaintiffs may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00766-SPG-JDE<br>24-cv-06413-SPG-JDE   Rhyner v. Old Dominion<br>24-cv-06943-DDP-AJR   Tensae v. Old Dominion | Date | July 11, 2025 |
|---|---|---|---|
| Title | ANDREW WIESENBACH v. OLD DOMINION FREIGHT LINE, INC. ET AL. | | |

include non-drivers as putative class members in the consolidated amended complaint. Plaintiff Tensae then filed in the *Tensae* Action an amended complaint, *see* (ECF No. 35 in the *Tensae* Action), which included wage and hour claims on behalf of non-drivers as new putative class members. Thereafter, Defendant moved to strike the amended complaint. *See* (ECF No. 37 in the *Tensae* Action). Before the hearing date for Defendant's motion to strike the amended complaint, the Court granted the parties' stipulation to strike Plaintiff Tensae's amended complaint and withdraw Defendant's motion to strike the amended complaint. *See* (ECF Nos. 38, 39 in the *Tensae* Action). Therefore, the original complaint, *see* (ECF No. 1-1 in the *Tensae* Action), remains the operative complaint and, since the filing of the parties' stipulation, the Plaintiffs in the Actions have not represented to the Court that they intend to add non-drivers as putative class members.

## Legal Standard

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions involving a common question of law or fact if doing so serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court "weighs the interest of judicial convenience against the potential for delay, confusion[,] and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Additionally, in class action litigation, Federal Rule of Civil Procedure 23 permits courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts typically appoint interim class counsel where "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006).

## Discussion

Plaintiff Wiesenbach moves to consolidate the *Wiesenbach*, *Rhyner*, and *Tensae* actions and appoint the Gould Law Firm, Shegarian & Associates, Inc., and Cohelan Khoury & Singer as interim class counsel before the Court's determination of class certification. The Court addresses each issue in turn.

Starting with consolidation, the parties agree that, at a minimum, consolidation of the three actions is appropriate. *See* (Mot. at 10–11); (Opp. at 16). Defendant, however, opposes consolidation insofar as the consolidated complaint adds non-drivers as putative class members. (Opp. at 16–17). However, the issue about whether Plaintiff may add non-drivers as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00766-SPG-JDE<br>24-cv-06413-SPG-JDE   Rhyner v. Old Dominion<br>24-cv-06943-DDP-AJR   Tensae v. Old Dominion | Date | July 11, 2025 |
|---|---|---|---|
| Title | ANDREW WIESENBACH v. OLD DOMINION FREIGHT LINE, INC. ET AL. | | |

putative class members is moot. As previously discussed, Plaintiff Tensae and Defendant stipulated to strike Plaintiff Tensae's amended complaint which included non-drivers as putative class members and, in turn, the operative complaints in all three actions only include drivers as putative class members. Thus, per the parties' stipulation, the Court hereby grants Plaintiff's motion to consolidate the three actions insofar as the consolidated action encompasses only the claims pleaded in the operative complaints brought on behalf of the current putative class members of truck drivers.[1]

Next, pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiff requests that the Court appoint the Gould Law Firm, Shegarian & Associates, Inc., and Cohelan Khoury & Singer as interim class counsel pending determination of class certification. A multi-firm leadership structure, according to Plaintiff, ensures that the three law firms may combine their resources and expertise to effectively litigate the consolidated action. (Mot. at 13–16).

In evaluating motions for appointment of interim counsel, courts consider the four factors set forth in Rule 23(g)(1), which governs appointment of counsel at the class certification stage. *See, e.g., White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1169 (C.D. Cal. 2014), *as* amended (May 1, 2014), *aff'd sub nom. Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016); *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 492 (C.D. Cal. 2012) ("*In re Oreck Litig.*"). Rule 23(g)(1) provides that courts "must" consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Rule 23(g)(1) further permits courts to "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

---

[1] Defendant's Opposition argues, and Plaintiffs' Reply ultimately does not contest, that a consolidated complaint should "not elongate the statute of limitations for any of the Related Actions plaintiffs' individual and putative class/representative action claims . . . ." (Opp. at 13). The Court hereby orders that the statute of limitations shall be based on the filing date of the initial complaint in each respective action, as opposed to the filing date of the forthcoming consolidated complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00766-SPG-JDE<br>24-cv-06413-SPG-JDE   Rhyner v. Old Dominion<br>24-cv-06943-DDP-AJR   Tensae v. Old Dominion | Date | July 11, 2025 |
|---|---|---|---|
| Title | ANDREW WIESENBACH v. OLD DOMINION FREIGHT LINE, INC. ET AL. | | |

Here, the Court is satisfied the appointment of each firm is appropriate under each of the factors identified under Rule 23(g)(1)(A). Gould Law Firm, Shegarian & Associates, Inc., and Cohelan Khoury & Singer have investigated Plaintiffs' claims to advance this litigation. *See In re Oreck Litig.*, 282 F.R.D. at 492 (considering that the prospective interim class counsel "researched, prepared, and filed" the underlying lawsuits). Additionally, each firm has provided the Court with declarations and resumés demonstrating their experience with and knowledge of wage and hour class actions. *See generally* (ECF Nos. 27-2, 27-3, 27-4). Considering this experience and the resources that each firm has already committed to the respective actions, the Court finds that such resources will continue to advance Plaintiffs' claims in this complex action.

Finally, the Court, in its discretion under Rule 23(g)(1)(B), notes that the proposed interim counsel have demonstrated an "ability to work cooperatively with others" in coordinating the consolidation of these three actions and proposing the appointment of interim counsel rather than filing competing motions. *In re Lenovo Adware Litig.*, No. 15-MD-02624, 2015 WL 10890657, at *1 (N.D. Cal. July 27, 2015). In sum, Gould Law Firm, Shegarian & Associates, Inc., and Cohelan Khoury & Singer are qualified to serve as interim counsel.

**Conclusion**

For the foregoing reasons, the Court hereby GRANTS the Motion, consolidates *Andrew Wiesenbach v. Old Dominion Freight Line, Inc.*, No. 8:24-cv-00766-SPG-JDE, *Jason Rhyner v. Old Dominion Freight Line, Inc.*, No. 2:24−cv−06413−SPG−JDE, and *Tsegai W. Tensae v. Old Dominion Freight Linc, Inc.*, No. 2:24-cv-06943-DDP-AJR, and appoints Gould Law Firm, Shegarian & Associates, Inc., and Cohelan Khoury & Singer as interim counsel. The Court ORDERS Plaintiffs to file no later than twenty-one (21) calendar days from this Order's date a consolidated amended complaint in the consolidated Wiesenbach action, No. 8:24-cv-00766-SPG-JDE. The parties shall file all further papers in the consolidated *Wiesenbach* action, No. 8:24-cv-00766-SPG-JDE. Finally, the Court TERMINATES (JS-6) the matters, *Jason Rhyner v. Old Dominion Freight Line, Inc.*, No. 2:24−cv−06413−SPG−JDE and *Tsegai W. Tensae v. Old Dominion Freight Linc, Inc.*, No. 2:24-cv-06943-DDP-AJR.

: 

Initials of Preparer    pg